```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES,
                                                        MEMORANDUM AND ORDER
          -against-                                     Case No. 1:08-cr-00242-FB-14

RANDALL MARTINEZ,

                    Defendant.
---------------------------------------------------x
```

**BLOCK, Senior District Judge:**

On October 24, 2023, Randall Martinez ("Defendant") filed a motion for reduced sentence under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, Defendant's motion is denied.

**I.**

Defendant took part in "a sprawling conspiracy in and around New York City, spanning at least a decade, in which more than two dozen persons are alleged to have committed more than 200 robberies of drug traffickers." *United States v. Martinez*, 862 F.3d 223, 230 (2d Cir. 2017), c*ert. granted, judgment vacated sub nom. Rodriguez v. United States*, 139 S. Ct. 2772 (2019). He pleaded guilty in the Eastern District to Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a), narcotics trafficking conspiracy in violation of 21 U.S.C. § 846, and use of a firearm in furtherance of those conspiracies, in violation of 18 U.S.C. § 924(c). He also plead guilty in the Southern District to attempt to commit § 1951 Hobbs

Act robbery that caused the death of the intended robbery victim.

Defendant's cases were consolidated for sentencing. At sentencing, Judge Townes determined that Defendant had an offense level of 42 and a criminal history category ("CHC") of II, see ECF No. 982, resulting in a Guideline Range of 360 months to life.[1] He was ultimately sentenced to 180 months on the robbery and trafficking charges, to run concurrently, and the mandatory minimum of 84 months on the firearm charge, to run consecutively, for a total of 264 months of incarceration.

## II.

Motions for compassionate release pursuant to § 3582(c)(1) require a three-part analysis. First, the Court must assess whether a defendant has met his or her administrative burden. Second, the Court must determine if "extraordinary and compelling reasons" warrant a sentence reduction. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[A] district court's discretion in this area — as in all sentencing matters — is broad."). Finally, if the Court determines that extraordinary and compelling reasons exist, it must weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) to consider whether a reduced sentence is justified.

---

[1] Defendant's case was reassigned from Judge Townes to Judge Dearie on July 23, 2019, and from Judge Dearie to this Court on February 21, 2024.

There is no dispute that Defendant has satisfied his administrative burden.[2] His motion fails because he cannot establish extraordinary and compelling reasons that warrant a reduction in his sentence.

Defendant initially argues that he would have received a lower sentence under today's sentencing regime. In support of this he relies on the retroactive change to U.S.S.G. § 4A1.1, which would reduce his criminal history category from II to I.[3] However, as the Government correctly points out, Defendant's revised Guideline Range would still be 360 months-to-life, *see* U.S.S.G. ch. 5, pt. A, producing no change at all with respect to Defendant's sentence.

Defendant's reliance on the "safety valve" provision of 18 U.S.C. 3553(f), promulgated by the First Step Act, is similarly unavailing. The safety valve does not apply to defendants — such as this one — who plead guilty to using firearms in connection with offenses that "result[ed] in death . . . to any person." *See*

---

[2] Defendant applied to the warden of his facility for compassionate release on August 3, 2023. His request was denied on August 31, 2023. He filed this motion on October 24, 2023.

[3] The Sentencing Commission revised "§ 4A1.1, by reducing from two (2) points to zero (0) points the upward adjustment for offenders who committed the instant offense while under a criminal sentence, if the Defendant has six (6) or fewer criminal history points." *See, e.g.*, *United States v. Sanchez*, 19-CR-360 (KMW), (S.D.N.Y. Feb. 16, 2024). Absent the 2-point adjustment, Defendant would have one criminal history point, putting him at a criminal history category of I.

§§ 3553(f)(2)-(3). As such, it would be unavailable to Defendant if he were sentenced again today.

Last, Defendant cites to his mother's ill health, as she is 61 years old and recently suffered a stroke. Although the Court takes heavy stock of this grave development, Defendant has made no showing that he would be his mother's sole caretaker. *Cf. United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) ("[E]xtraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver."). Absent more, Defendant's allegations are insufficient to serve as an extraordinary and compelling reason warranting a reduction in sentence.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED without prejudice.

**SO ORDERED.**

                                                           _/S/ Frederic Block_____
                                                           FREDERIC BLOCK
                                                           Senior United States District Judge

Brooklyn, New York
June 26, 2024