UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-against-

RANDALL MARTINEZ,

Defendant.

**MEMORANDUM AND ORDER**
Case No. 1:08-cr-00242-FB-14

*Appearances:*
*For the Government:*
DANIEL J. MARCUS
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 1120

*For the Defendant:*
RANDALL MARTINEZ, *pro se*
61561-066
Yazoo City Low Federal Correctional
Institution
Inmate Mail/Parcels
P.O. Box 5000
Yazoo City, MS 39194

**BLOCK, Senior District Judge:**

Defendant Randall Martinez again moves for a reduced sentence under 18

U.S.C. § 3582(c)(1)(A). For the following reasons, Martinez's motion is **DENIED**.

Martinez took part in "a sprawling conspiracy in and around New York City,

spanning at least a decade, in which more than two dozen persons are alleged to

have committed more than 200 robberies of drug traffickers." *United States v.*

*Martinez*, 862 F.3d 223, 230 (2d Cir. 2017), *cert. granted, judgment vacated sub*

*nom. Rodriguez v. United States*, 139 S. Ct. 2772 (2019). Martinez pleaded guilty

to robbery conspiracy in violation of 18 U.S.C. § 1951(a), narcotics trafficking

conspiracy in violation of 21 U.S.C. § 846, use of a firearm in furtherance of those conspiracies, in violation of 18 U.S.C. § 924(c), and attempt to commit § 1951 Hobbs Act robbery that caused the death of the intended robbery victim. Martinez was sentenced to 264 months of incarceration. Martinez has now served over eleven years and has a projected release date of November 5, 2027.

On October 24, 2023, Martinez filed a *pro se* motion for compassionate release, which the Court denied in a June 26, 2024 order. ECF No. 1489. He argued that he was entitled to relief for three reasons: (1) he would have received a lower sentence under updated sentencing guidelines; (2) he was entitled to "safety valve" relief under 18 U.S.C. 3553(f); and (3) his mother had recently suffered a stroke and required his care. The Court disagreed, explaining (1) the revised guideline sentence range would not have produced any change in Martinez's sentence; (2) the safety valve provision does not apply to defendants—such as Martinez—who pleaded guilty to using firearms in connection with offenses that "result[ed] in death . . . to any person"; and (3) Martinez made no showing that he would be his mother's sole caretaker.

Martinez, again proceeding *pro se*, now adduces additional reasons why he should be granted such relief: (1) that sentencing disparities between citizens and non-citizens like himself justify a sentence reduction; (2) that he would have

received a lower sentence under current guidelines; and (3) he has substantially rehabilitated himself. For the following reasons, they do not suffice.

First, Martinez contends that citizens and non-citizens are subject to disparities in sentencing and eligibility for sentence reductions. For example, Martinez highlights that only citizens are eligible for a sentence reduction based on participation in the Federal Residential Drug and Alcohol Abuse Prevention. Martinez also notes that non-citizens are ineligible for placement in a minimum-security facility. However, such disparities do not present any extraordinary and compelling reasons in this instance. For one, Martinez would not be eligible for a sentence reduction for participating in the drug and alcohol program even if he were a citizen because of the nature of his conviction. *See* 28 C.F.R. § 550.55(b)(5)(ii) (inmates who have current felony convictions for "[a]n offense that involved the carrying, possession, or use of a firearm" are ineligible for early release). Nor does Martinez explain why his ineligibility for placement in a minimum-security facility justifies compassionate release and the Court is not aware of any reason. Accordingly, possible disparities between citizens and non-citizens do not present any extraordinary and compelling reasons for a sentence reduction in this instance.

Second, Martinez contends that he received a higher sentence compared to what current defendants would receive under the Sentencing Commission's new

3

guidelines. Martinez contends that the new guidelines cap the offense level for certain drug offenses to 30, instead of 32. Martinez appears to be referencing section 2D1.1, which can provide an adjustment in drug cases "if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout." Such an adjustment would not have applied to Martinez, however, as his functions included robbing drug traffickers, not the low-level functions listed at section 2D1.1. Accordingly, no change in law justifies a reduction in sentence.

Third, Martinez contends that his substantial rehabilitation justifies a reduction in sentence. Martinez explains that he has completed many educational programs, including Spanish G.E.D., drug prevention, and parenting programs. The Court commends Martinez for his efforts, but rehabilitation alone does not constitute an extraordinary and compelling reason, and Martinez has not produced any other extraordinary and compelling reasons justifying relief. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d).

In sum, Martinez has not established any extraordinary and compelling reasons justifying a sentence reduction. Martinez's motion is therefore denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 11, 2026